```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 08-60361-CR-ZLOCH
```

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                **O R D E R**

GARY BENNER,

        Defendant.
_____/

    THIS MATTER is before the Court upon the Plaintiff United States of America's Appeal Of Magistrate Decision (DE 9). The Court has carefully reviewed said Appeal and the entire court file and is otherwise fully advised in the premises.

    Defendant is charged in a one-count Indictment with possession with intent to distribute a controlled substance, Methylenedioxymethamphetamine hydrochloride, which is commonly referred to as MDMA or "ecstacy," all in violation of 21 U.S.C. § 841(a)(1). After his arrest a pre-trial detention hearing was held in the Western District of New York, where Defendant resides. At the hearing United States Magistrate Judge Jonathan W. Feldman, ordered that Defendant be released on his personal recognizance, with certain other conditions attaching. The Government appealed that decision; it argues that personal recognizance with the attendant conditions imposed on Defendant's release by Magistrate Judge Feldman is insufficient to ensure that he will appear for trial. The Court agrees. In drug offenses like Defendants a rebuttable presumption exists that no conditions of release will reasonably assure the defendant's appearance for

trial. 18 U.S.C. § 3142(e)(2006).

A careful review of the pre-trial detention-hearing transcript reveals that there was no evidence put forth by Defendant that would serve to rebut this presumption. *See United States v. Perry*, 788 F. 2d 100, 107 (3d Cir. 1986). Therefore, he is deemed a flight risk. *Id.*; 18 U.S.C. § 3142(f)(1)(c). In recognition of this legally assumed fact and the Defendant's repeated trips to Canada, the Court finds that in addition to the terms and conditions imposed by Magistrate Judge Feldman, a bond amount of one hundred thousand dollars ($100,000.00) will assure Defendant's appearance for trial.

In addition, upon remand of this issue, the Magistrate Judge is directed to conduct a *Nebbia* hearing as to any funds that Defendant uses to post his bond. *United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff United States of America's Appeal Of Magistrate Decision (DE 9) be and the same is hereby **GRANTED;**

2. To the extent that United States Magistrate Judge Jonathan W. Feldman set conditions of release for Defendant did not include posting a bond in the amount of $100,000.00, his Order be and the same is hereby **VACATED**, set aside, and of no further force and effect;

3. All the other conditions of his Pre-trial detention Order remain the same and are not to be disturbed by this Order; and

4.   Upon remand of this matter and pursuant to Federal Rule of Criminal Procedure 59 and 18 U.S.C. § 3145, Magistrate Judge Robin S. Rosenbaum is directed set a bond in this matter of $100,000.00 and she is also directed to conduct a *Nebbia* hearing for any monies that are used to post Defendant's bond.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   20th   day of April, 2009.

```
                              _____
                              WILLIAM J. ZLOCH
                              United States District Judge
```

Copies furnished:

United States Magistrate Judge
Robin S. Rosenbaum

All Counsel of Record